## JAMES A. CAUTHORN, RESPONDENT, *v.* SOL KING AND M. H. BELL, APPELLANTS.

JOINT WRONG-DOERS—GENERAL VERDICT.—Where, in an action for a wrongful conversion of property against two defendants, both answer, and a general verdict is rendered, it is a verdict against both defendants, and judgment should be given against both.     But if, in such case, judgment is rendered against one only, it is error.     If the defendant against whom the judgment is rendered appeals from the justice's court where the judgment was rendered, to the circuit court, and on the trial had in the circuit court both defendants appear and defend, the circuit court has jurisdiction to render judgment against both defendants on a verdict of guilty against both.

PLEADINGS, AFFIDAVITS NOT ADMITTED TO EXPLAIN.—In order to determine the issues to be tried in an action, the court can only look to the pleadings, which cannot be enlarged or explained by affidavits.

APPEAL from Benton County.     The facts are stated in the opinion.

*F. A. Chenoweth,* for appellants.

*R. S. Strahan and J. W. Rayburn,* for respondent.

By the Court, BOISE, J.:

The complaint alleges that appellants, in April, 1878, had in their possession fifty-five and thirty-five sixtieths bushels of wheat belonging to respondent, of the value of one dollar per bushel, and that appellants wrongfully and unlawfully converted it to their own use.

The answer denies all the allegations of the complaint, and alleges further that the transaction complained of arose between appellants and one Jerry E. Henkle, who had stored wheat with appellants, and by accident and mistake had got the warehouse receipt of appellants for fifty-five and thirty-five sixtieths bushels too much, and that said Henkle transferred said receipt to respondent, and that respondent brought suit thereon before W. H. Johnson, justice of the peace.     The reply denied the mistake.     The real issue was as to whether there was a mistake, or whether appellants had the wheat of respondent.     The issue was tried before a jury, who rendered the following verdict: " We,

the jury, find for the plaintiff the sum of forty-four dollars
and twenty-four cents."

Judgment was rendered against the defendant Bell, alone.
From this judgment Bell appealed to the circuit court.  It
is claimed by the appellants that King did not answer, and
that Bell alone appeared in the case in the justice's court.
But on examining the answer, it appears to be the answer
of both defendants, and is signed by F. A. Chenoweth and
E. Holgate, attorneys for defendants.  With this answer on
file, no judgment could be taken against the defendant,
King, without a trial, and it is a mistake of fact by appel-
lants to now assert that there was no issue to try between
the plaintiff and King.  As the case stands on the plead-
ings, it was necessary for the plaintiff to make out his case,
and it being a case of tort, he could have a verdict against
both defendants, or either of them, as the proof should
warrant.  The parties had answered tegether, and the trial
necessarily proceeded against both, and as the jury found
a general verdict, it was a verdict against both.  If the evi-
dence did not implicate both in the wrong complained of,
then the verdict should have been against the guilty party
alone, and the other party should have been found not
guilty of the wrong charged in the complaint.

The record shows that on the trial "E. Holgate and F. A.
Chenoweth appeared for Bell and filed answer," but that
answer is, in form, by both defendants.  The attorneys,
Chenoweth and Holgate, signed the answer as attorneys of
defendants, and on the back of said answer is indorsed,
" Chenoweth & Holgate, defendants' attorneys."  To deter-
mine what the issue was that was before the court for trial,
we must be controlled by the pleadings, and in this case
they show that both defendants appeared and answered, and
it is clear that the verdict in the justice's court was against
both defendants, and that the plaintiff was entitled to a
judgment against both.  The judgment, however, was ren-
dered against Bell alone, and was, therefore, erroneous,
whether entered on the motion of plaintiff or not.  And
from this judgment either party could appeal to the circuit
court.  The defendant Bell appealed, and the cause came

on for trial in the circuit court on the issues as presented by the pleadings in the justice's court. (Civ. Code, 221, sec. 533.) King was as much a defendant in these pleadings as Bell.

It is claimed by the appellants that Bell being the only party to the judgment appealed from, King was not brought into the circuit court by the appeal; that he was no party to it, and that he was not compelled to appear in the circuit court, and did not appear, and is not bound by its judgment against him. On looking into the record we find that when the cause was tried in the circuit court, the " defendants and appellants, by their attorneys, Messrs. Chenoweth & Holgate," appeared and proceeded with the trial, which resulted in a general verdict for the plaintiff. This record must be taken as true, and shows that the defendant King did appear in the circuit court; and we think he waived any want of notice of the appeal and submitted himself to the jurisdiction of the court for the trial of the issues presented in the pleadings; and this does away with the appellant's objection that King was not properly in court to assert his rights. It is not, therefore, necessary to decide in what position he would have been had he not appeared and defended the action in the circuit court. It is true that Bell appeared alone to make the motion for a judgment, notwithstanding the verdict, and excepts to the ruling of the court on that motion; and it also appears in the bill of exceptions that both Bell and King appeared and excepted to the entry of the judgment on the verdict in the circuit court, which is the subject of this appeal. In the bill of exceptions is this language: "Defendant M. H. Bell excepts to the decision of said court in overruling said motion for judgment in favor of said defendant, notwithstanding the verdict; and defendants, King and Bell, except to the decision or order directing judgment to be rendered in said action against Sol King and M. H. Bell."

It therefore appears, not only by the record of the trial, but by the appellant's bill of exceptions, that King appeared in court after the verdict was rendered and objected to the entry of judgment thereon. We think that this record

shows that both defendants appeared and answered and went to trial in both courts, and are bound by their proceedings, unless the verity of the record can be impeached by the affidavits which are set out in the bill of exceptions. These affidavits are offered to explain the record and show that its recitals, showing the appearance of King, are not true. This, we think, can not be done; that the record is a verity and can not be contradicted by affidavits. A record can only be tried by the record itself, and we can not and have not considered the affidavits in determining the case.

The judgment of the circuit court will be affirmed, with costs.